# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KYMBERLI GARDNER**                                                      **PLAINTIFF**

**v.**                           **CAUSE NO. 1:15CV423-LG-RHW**

**CLC OF PASCAGOULA, LLC d/b/a**                          **DEFENDANT**
**PLAZA COMMUNITY LIVING**
**CENTER**

## ORDER GRANTING IN PART MOTION FOR
## ATTORNEYS' FEES AND EXPENSES

BEFORE THE COURT is [91] Motion for Attorney Fees and Expenses filed by Plaintiff Kymberli Gardner, the prevailing party in a Title VII employment discrimination jury trial conducted in April and May 2019. Plaintiff requests $97,840.00 in attorney fees and $5077.57 in expenses. Defendant CLC of Pascagoula, LLC filed a response in opposition, and Gardner has replied. After due consideration of the submissions, the Court awards Gardner $62,656.00 in attorney fees and $4433.79 in expenses.

## DISCUSSION

## I. ATTORNEYS' FEES

"As always, the Court uses the lodestar method to calculate an award of fees." *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184-KS-MTP, 2014 WL 4402229, at *3 (S.D. Miss. Sept. 5, 2014) (citation omitted). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly billing rate. *Id.*; *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]he lodestar method yields a fee that is presumptively

sufficient." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citations omitted). The Court may then "adjust the lodestar up or down" to account for factors that bear on the propriety of a fee award – the *Johnson* factors. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 & n.6 (5th Cir. 1993) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

"The party seeking reimbursement of attorneys' fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (cleaned up). The amount sought and the hours expended must be reasonable. *Id.* at 325. "The court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood Cty.*, 621 F.3d 372, 379-80 (5th Cir. 2010).

An attorneys' fee award ruling should "explain how each of the *Johnson* factors affects its award" but "need not be meticulously detailed to survive appellate review." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008); *see Blanchard v. Bergeron*, 893 F.2d 87, 89 (5th Cir. 1990) ("[W]e will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions on fee awards consume more judicial paper than did the cases from which they arose."). As the Supreme Court has explained, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential

goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

A. The Lodestar

*1) Hourly Rate*

Gardner seeks fees only for her counsel, Daniel Waide. Waide states that he has been practicing law in Hattiesburg, Mississippi since 2010, concentrating on civil rights and employment cases. This case was accepted on a pure contingency basis, and Waide proposes an hourly fee of $250 for his work.

The general rule is that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClaim v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Gardner bears the burden of "produc[ing] satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum*, 465 U.S. at 896 n.11).

Usually, "the 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits'" – here, the Southern Division of the Southern District of Mississippi – and the reasonable hourly rate for that community "is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. Dist. Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)). Courts also look to other court decisions regarding the prevailing

rate. *See, e.g., Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 660 (5th Cir. 1996) (affirming prevailing rate arrived at by district court using "the hourly rate on awards by other judges in the [division,] previous awards in the . . . case, and the published billing rates of outside counsel").

Gardner provides affidavits from four attorneys. Joseph "Whit" Cooper practices in Ashland, Mississippi, and states that a reasonable hourly rate for Waide is at least $250. (Pl. Mot. Ex. B, ECF No. 91-2.) Mariano Barvie practices in Gulfport, Mississippi and states that a reasonable hourly rate for Waide would be at least $250. (Pl. Mot. Ex. F, ECF No. 91-6.) Herbert H. Klein, III practices in Hattiesburg, Mississippi and states that a reasonable hourly rate for Waide is at least $225. (Pl. Mot. Ex. C, ECF No. 91-3.) William Allen practices in Brookhaven, Mississippi and states that a reasonable hourly rate for Waide is at least $200. (Pl. Mot. Ex. D, ECF No. 91-4.)

Gardner also notes the fees awarded in other cases. She first cites *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462 (5th Cir. 2009), where the Fifth Circuit upheld an award totaling $225,000 in an employment discrimination case. Unfortunately, there is no discussion of the hourly rate in that opinion; the court simply affirms the district court's holding that "the rates charged by the respective attorneys and staff members are adequately documented and represent reasonable rates for the time and skill of the attorneys involved." *Id.* at 473.

Next, Gardner points to *Brown v. Mississippi Department of Health*, in which the court awarded Robert Norris, who had been practicing approximately nine years

at the time, $235 an hour in an employment discrimination case that resulted in a favorable jury verdict. *Brown*, No. 3:11-CV-146-CWR-FKB, 2013 WL 12128785, at *4 (S.D. Miss. Mar. 5, 2013). Gardner also brings the Court's attention to an opinion in the *U.S. ex rel. Rigsby v. State Farm Fire & Casualty Company* case, in which attorney Laura K. Barbour, also admitted to practice in 2010, was awarded an hourly rate of $262.00. The court found that rate "commensurate with her experience and [ ] reasonable under the circumstances of this particular case." *Rigsby*, No. 1:06CV433-HSO-RHW, 2014 WL 691500, at *17 (S.D. Miss. Feb. 21, 2014).

Both Gardner and CLC cite *Canaski v. MID Mississippi Properties, Inc.*, where the court found that an hourly rate of $200.00 for Daniel Waide was "reasonable in light of the customary rates in this area for the same services provided by attorneys with similar experience, reputation, and ability." *Canaski*, No. 1:15CV344-HSO-JCG, 2017 WL 4531690, at *5 (S.D. Miss. May 17, 2017).

CLC provides an affidavit from attorney Brad Dillard, who along with John Wheeler, defended CLC in this case. Dillard states that a reasonable hourly rate for Waide's services in the Gulfport area would be in the range of $150 to $175. Dillard states that he and Wheeler charged CLC $150 per hour. (Def. Resp. Ex. A, ECF No. 93-1.)

Additionally, CLC provides an affidavit from attorney Jason Dare, whose practice is employment claim defense in the Jackson, Mississippi area. Dare states that he examined many of the pleadings in this case and believes the requested rate

is excessive; "[t]he customary and reasonable rate for attorneys' fees in Mississippi for the handling of cases similar to the one at issue would be $155 - $200 for attorneys with five to ten years of litigation experience." (Def. Resp. Ex. D, at 2, ECF No. 93-4.)

Considering all of this information, the Court finds that an hourly fee of $200 is reasonable in this area for an attorney of Waide's experience litigating a case of this type.

### 2. *Hours Expended*

Waide claims a total of 391.60 hours spent representing Gardner, supported with an itemized billing statement. CLC objects to 161.09 of the hours as either excessive to the need, spent on unsuccessful claims, or spent traveling.

The Court finds no reduction is in order for time spent on alleged "unsuccessful claims or motions". To determine whether an attorney's fee award should be reduced for partial success, the Court must consider whether Gardner failed to prevail on claims that were unrelated to the claims on which she succeeded, and whether she achieved a level of success that makes the hours expended a satisfactory basis for making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also United States ex rel. Longhi v. Lithium Power Techs.*, 575 F.3d 458, 475-76 (5th Cir. 2009). All of the claims or motions CLC contends were unsuccessful and therefore uncompensable were closely related to the claims on which Gardner ultimately succeeded. For this reason, the Court will not reduce

Waide's claimed hours for time spent on matter characterized as unsuccessful motions or claims.

However, Waide is not entitled to his regular fee for seventeen hours of unproductive travel time. *See Shipes*, 987 F.2d at 320; *Wiemer v. Rubino*, No. 1:16CV99-LG-RHW, 2019 WL 2461817, at *5 (S.D. Miss. June 12, 2019); *JGT, Inc. v. Ashbritt, Inc.*, No. 1:09CV380WJG-JMR, 2011 WL 1323410, at *4 (S.D. Miss. Apr. 5, 2011) (noting that courts typically compensate travel time at 50% of the attorney's hourly rate in the absence of documentation that any legal work was accomplished during travel time.) Additionally, some of the time entries appear excessive for an experienced employment discrimination lawyer, such as more than six hours to complete the initial EEOC charge, seven hours to draft the complaint, and almost seventeen hours for deposition preparation. "The plaintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). The Court does not find indicia of the exercise of billing judgment in Gardner's submissions, and therefore the Court will exercise its discretion to apply a simple percentage reduction of twenty percent. *See id.*

### 3. The Lodestar Calculation

The lodestar is $62,656.00, calculated by multiplying the reasonable hours expended (313.28) by the reasonable hourly rate ($200).

### B. The Johnson Factors

After the lodestar is determined, the Court may adjust the fee award upward or downward applying the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*[1] But "the lodestar method yields a fee that is presumptively sufficient." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). And "many of the Johnson 'factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07-CV-568-HSO-RHW, 2011 WL 6699447, at *4 (S.D. Miss. Dec. 21, 2011) (quoting *Hensley*, 461 U.S. at 434 n.9). In this case, neither party argues for a *Johnson* adjustment. The Court concludes that its calculated lodestar adequately accounts for the concerns raised by the *Johnson* factors and results in an appropriate fee.

## II. EXPENSES

Gardner seeks $5,077.57 in expenses from CLC. Title VII grants district courts authority to award costs, including "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services" to the prevailing party, such as postage,

---

1 The twelve *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717-18.

photocopying, paralegal services, long distance telephone charges, and travel costs. *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Furthermore, under 28 U.S.C. § 1920, a court may tax the following costs: fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

CLC objects to 1) Waide's copying cost of $.35 per page, which it contends should be reduced to $.10 per page; and 2) the $2575.10 in deposition fees which lacks supporting documentation. CLC requests that the allowable deposition expenses be reduced by 25% for the omission.

A. Copies

CLC argues that Gardner charged it too much for each photocopy. Gardner claims thirty-three cents per copy, while CLC states that ten cents is more appropriate. Neither party provides any documentary or legal support for their cost request. Nevertheless, thirty-three cents per page is not a facially unreasonable photocopy cost. In the absence of an objection regarding whether the expense was reasonably necessary, the Court will allow recovery of Gardner's claimed photocopy costs.

B.  Deposition Expenses

CLC argues that Gardner's entry for $2575.10 in "deposition fees" lacks any backup documentation in support, nor is there an explanation of whose transcripts were ordered.  CLC requests that Gardner's recovery of this cost be reduced by twenty-five percent, to $1931.32.  Gardner does not address CLC's objection.  There is no doubt that some deposition expenses were necessarily incurred in this case, but there is no way for the Court to know the amount from Gardner's submissions.  Because the parties agree that at least $1931.32 was necessary, Gardner will be allowed recovery of $1931.32 in deposition fees.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [91] Motion for Attorney Fees and Expenses filed by Plaintiff Kymberli Gardner is **GRANTED** to the extent that Gardner is awarded $62,656.00 in attorneys' fees and $4433.79 in expenses against CLC of Pascagoula, LLC, which amount shall accrue interest at the current legal rate from this date until paid in full.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE